IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURICE FORBES, #277-478            *
              Plaintiff
                                  *

v.                                  CIVIL ACTION NO. AW-05-421
                                  *

PRISON HEALTH SERVICES, INC., et al,
              Defendants            *
                                  ******

## MEMORANDUM

On February 10, 2005, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983, seeking damages and injunctive relief. Paper No. 1. Counsel for Defendants has filed a dispositive motion (Paper No. 14), which shall be treated as a Motion for Summary Judgment. Plaintiff has filed a response. Paper No. 16.[1] Defendants have also filed a Court-ordered supplement to their dispositive motion. Paper No. 18. No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004).

### 1. Factual Background

Plaintiff states that he suffers from an injury to his hip. He states that he was scheduled for surgery at the University of Maryland Medical System on December 27, 2004, but that the surgery did not take

---

[1] Plaintiff has also filed what is entitled "Motion for Enlargement or Alternative Motion to Supplement the 1983, and Injunctive Release in the Above Captioned Case." Paper No. 17. Plaintiff seeks to amend the factual allegations of his complaint concerning a fall he suffered on March 31, 2005. The motion, filed after the docketing of Defendants' dispositive motion, shall be denied in that it does not sufficiently relate to the original complaint. Fed. R. Civ. P. 15(a).
    Additionally, the Motion contains a request for appointment of counsel. This request shall be denied. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Moreover, Plaintiff's complaint is not of undue complexity.

SCANNED

place. Plaintiff states he continues to suffer pain in his hip. Paper No. 1. He seeks to have his surgery rescheduled.

## 2. Standard of review

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997) (*citing Anderson*, 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252.

**A.      Medical Care**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering

2

from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), *quoting Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown* 240 F. 3d at 390; *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

According to the uncontroverted medical records, Plaintiff was transferred to the Jessup Pre-release Unit ("JPRU") on March 31, 2004. Paper No. 14, Onabajo Affidavit. Plaintiff was seen by a Dr. Onabajo on April 5, 2004, regarding renewal of his pain medication. *Id.*, Ex. 4, p. 71. Plaintiff was again

3

seen by Dr. Onabajo on July 2, 2004, when Plaintiff complained of increased pain in his left hip. Dr. Onabajo ordered an x-ray and an on-site orthopedic consultation. *Id.*, Ex. 4, p. 69, Ex. 1, p. 13. Plaintiff was seen by Dr. Panox on August 3, 2004, and diagnosed with degenerative joint disease in the left hip. *Id.*, Ex. 2, p. 38. An MRI and additional pain medication were ordered. The MRI was completed on September 1, 2004, and revealed degenerative joint disease in the left hip with a non-cancerous myxofibrous tumor. *Id.*, Ex. 1, p. 12. Plaintiff consulted with Dr. Panox on October 5, 2004, and the results of the MRI were discussed. Plaintiff was advised that he would be referred to the University of Maryland Medical System ("UMMS") for further evaluation. *Id.*, Ex. 1, p. 6. Dr. Panox wrote an off-site consultation on October 12, 2004, and followed up with Plaintiff on October 14, 2004. *Id.*, Ex. 4, p. 55. Dr. Onabajo saw Plaintiff for medication renewal on November 10, 2004.

Plaintiff was examined by UMMS on October 25, 2004. The UMMS assessment was end stage arthritis of the left hip. A left hip replacement was recommended. Plaintiff was scheduled for surgery on December 27, 2004. The surgery was cancelled by UMMS for unknown reasons. *Id.*, Affidavit Onabajo. Plaintiff's surgery was rescheduled for May 31, 2005. *Id.* Defendants, in their Court-ordered supplement to their dispositive motion, state that Plaintiff's non-emergency hip replacement was twice again postponed, for unknown reasons, by UMMS. Paper No. 18. On July 14, 2005, the surgery was finally performed. Plaintiff's recovery has proceeded well and he has been cleared for light duty.[2] *Id.*

Under these facts, there is no objective evidence to show that the care Plaintiff received was inappropriate. His mere disagreement with the length of time for the health care providers to determine that surgery was in fact warranted and schedule same does not state a cognizable constitutional claim. *See Peterson v. Davis*, 551 F.Supp. 137, 146 (D.Md. 1982). It is beyond dispute that Plaintiff was regularly

---

[2] On July 1, 2005, Defendant Prison Health Services, Inc., ceased being the medical provider for the Division of Corrections.

4

seen by employees of PHS and that upon his complaining of increased pain in his hip further testing was ordered. Once surgery was recommended by outside consultants, Defendants acted reasonably in scheduling same. That there was a delay in Plaintiff's surgery is not disputed; however, the postponement of the surgery was not caused by any action or inaction on the part of Defendants, but rather by UMMS. The facts simply do not show that the delay in rescheduling Plaintiff's surgery was caused by Defendants' negligence much less their deliberate indifference to Plaintiff's needs. Accordingly, the health care providers are entitled to summary judgment based upon the facts and legal standards outlined above.

Finally, Plaintiff has sought injunctive relief wherein he seeks the scheduling of the surgery. For guidance as to the legal standard to apply in considering an application for injunctive relief, the Court relies on the Fourth Circuit ruling of *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977) which holds that injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) the public interest will be served if the injunction is granted. *Blackwelder*, 550 F.2d at 195-96; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000). The initial factor to be examined in the aforementioned analysis is the "likelihood of irreparable harm to the plaintiff." Indeed, the failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny a preliminary injunction. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.) As noted above, the uncontroverted evidence shows that Plaintiff's surgery has been performed. Therefore his claim for injunctive relief is moot and shall be denied.

### 3. Conclusion

Given the foregoing, Defendants are entitled to summary judgment in this case. A separate Order shall be entered in accordance with this Memorandum.

>                         "/s/"
>                         ———————————————
>                         Alexander Williams, Jr.
>                         United States District Judge